UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-22681-CIV-MARTINEZ/MCALILEY

LYNN BRESLOW, individually, and
on behalf of "R. B.", a minor,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division of
Wells Fargo Bank, N.A."),

    Defendant.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")[1]
## JURY DEMAND

1. Plaintiffs LYNN BRESLOW, individually, and on behalf of "R.B", a minor, hereby allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiffs maintain that Defendant WELLS FARGO BANK, N.A. incessantly and unlawfully called Plaintiffs' cellular telephone in an attempt to collect an alleged consumer debt. Despite the fact that Plaintiffs had no account with Defendant, Plaintiffs did not provide Defendant with

---

[1] Plaintiff amends the complaint as a matter of right in accordance with the Federal Rules of Civil Procedure, Rule 15(a)(1)(A).

their cellular telephone number, and Plaintiffs never gave prior express consent for Defendant to call their cellular telephone number, Defendant proceeded to unlawfully call Plaintiffs up to several times a day using an automatic telephone dialing system (i.e. "auto-dialer") and/or make calls which initially played a pre-recorded or artificial voice message in violation of the TCPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332(a). There is diversity of citizenship between the parties and more than $75,000 dollars in controversy, exclusive of interest and costs. Venue in this District is proper because Plaintiffs resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff LYNN BRESLOW is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida; said Plaintiff is the cellular account holder-owner of the cellular telephone for which Defendant was calling.

4. Plaintiff "R.B." is a minor, a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida; said Plaintiff regularly uses and has dominion over the cellular telephone for which Defendant was calling; Plaintiff's claim is being brought on his/her parent or guardian, LYNN BRESLOW.

5. Plaintiffs LYNN BRESLOW and "R.B." may be collectively referred to herein as either "Plaintiff" or "Plaintiffs"; Plaintiffs are not seeking duplicative relief but are instead both named parties in the instant lawsuit because the TCPA is in a state of flux with respect to the issue of standing.

6. Defendant, WELLS FAGO BANK, N.A., is a national bank, with its headquarters located in San Francisco, California and main office located in Sioux Falls, South Dakota, and is therefore a citizen of the both the state of South Dakota and California; on or about October 3, 2008, Defendant initiated its acquisition of WACHOVIA BANK, N.A. and completed its merger with the aforesaid financial institution on or about March 20, 2010.

## FACTUAL ALLEGATIONS

7. The instant lawsuit stems from the telephonic collection efforts of Defendant over the last four years. *Stern v. Bluestone*, 850 N.Y.S.2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658).

8. Defendant sought to collect an alleged consumer debt from Plaintiffs and unlawfully called Plaintiff's cellular telephone more than fifty-one (51) times in violation of the TCPA in an effort to collect the alleged debt.

9. That neither "R.B." nor LYNN BRESLOW has conducted any business with WELLS FARGO BANK, N.A. or its predecessor WACHOVIA BANK, N.A.

10. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system. In another Federal Court, Defendant admitted to the following:

> *The parties agree on the following facts. Wells Fargo uses a predictive dialer called the "Conversations System" to communicate with customers. A predictive dialer is a type of automatic telephone dialing system that uses generated, stored, or otherwise entered phone numbers to automatically make outgoing telephone calls. Wells Fargo's predictive dialer also has the capacity to connect available call center agents with successfully completed outbound calls.*
>
> *One component of the Conversations System, the universal server, stores or produces phone numbers to be dialed. The universal server then passes the numbers on to the digital communications processor, which dials them. When an outbound call is successfully dialed, the digital communications processor can either play a prerecorded message or connect the call to the desk phone of an available call center agent.*

*Dobbin v. Wells Fargo, No. 10-268*, Slip. Op. (N.D. Ill. June 14, 2011).

11. That each and every time "R.B." answered the aforesaid calls, an artificial or pre-recorded voice would immediately play, stating: "*Please contact Wachovia Bank, a division of Wells Fargo Bank, N.A. at 866-211-6980…*" or similar words to that effect; Plaintiff's caller identification often displayed the call

4

as having come from "866-211-6980" as well as other telephone numbers which are associated with "Wachovia Bank, a division of Wells Fargo Bank, N.A."

12. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13**;** *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

13. On those occasions where the call was transferred to a human operator, the operator would identify himself as an account representative calling from "Wachovia Bank" and would ask to speak with a person whom "R.B." did not know.

14. Upon information and belief, Plaintiff maintains that in spite of numerous attempts to stop Defendant's constant barrage of telephone calls, Defendant persisted on calling Plaintiff's cellular telephone approximately one hundred times over the last four years.

15. Plaintiffs maintain that Defendant's large volume of auto-dialed and/or pre-recorded telephone calls was unlawful as Plaintiff never provided prior

express consent to Defendant and the original creditor to initiate such calls to Plaintiff's cellular telephone.

16. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

17. That Defendant either willfully or knowingly violated the TCPA.

18. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

19. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. See *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

20. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc*., 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiffs incorporate Paragraphs 1 through 20.

22. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiffs' cellular telephone, which were initiated by an automatic telephone dialing system and/or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff LYNN BRESLOW, or in the alternative, Plaintiff LYNN BRESLOW, on behalf of "R.B.", requests that the Court enter judgment in favor of Plaintiff and against Defendant WELLS FARGO BANK, N.A. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d. A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA,

e. Attorney's fees, litigation expenses and costs of the instant suit; and

f. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of August, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiffs*
2000 E. Oakland Park Blvd, Suite 106
Fort Lauderdale, Florida 33306
Telephone: (954) 306-8104
Facsimile: (954) 337-0666
scott@scottdowens.com


By: s/*Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the clerk via CM/ECF and furnished by U.S. Mail to Wells Fargo, N.A., c/o Registered Agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 this 11th day of August, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiffs*
2000 E. Oakland Park Blvd, Suite 106
Fort Lauderdale, Florida 33306
Telephone: (954) 306-8104
Facsimile: (954) 337-0666
scott@scottdowens.com

By: s/*Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651