UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-22681-CIV-MARTINEZ/MCALILEY

LYNN BRESLOW, individually, and
on behalf or "R.B.", a minor,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division of
Wells Fargo Bank, N.A."),

    Defendant.
_____/

## DEFENDANT, WELLS FARGO BANK N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Wells Fargo Bank, N.A., successor-in-interest to Wachovia Bank, N.A. ("Wells Fargo"), files it Answer and Affirmative Defenses to Plaintiff, Lynn Breslow, individually, and on behalf of "R.B.", a minor's (collectively, "Plaintiffs" or "Breslow"), Amended Complaint for Damages and Injunctive Relief for Violations of 47 U.S.C. § 227, et. seq., the Telephone Consumer Protection Act ("TCPA") Jury Demand (ECF No. 5) (the "Amended Complaint"), and states as follows:

1.     Wells Fargo admits that Breslow alleges that Wells Fargo violated the TCPA, but based upon the information known or readily available, Wells Fargo is without knowledge, as to, and therefore denies any allegation that Wells Fargo violated the TCPA and denies that Breslow is entitled to recover any relief from Wells Fargo. Except as expressly admitted or denied herein, based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the remaining allegations and inferences in paragraph 1 of Breslow's Amended Complaint.

## JURISDICTION AND VENUE

2.     Wells Fargo admits that it does business within this district. Except as expressly admitted herein, based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies the remaining allegations and inferences in paragraph 2 of Breslow's Amended Complaint.

## PARTIES

3.     Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 3 of Breslow's Amended Complaint.

4.     Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 4 of Breslow's Amended Complaint.

5.     Wells Fargo admits that Plaintiffs claim they are not seeking duplicate relief. Plaintiffs allegation that the TCPA is in a state of flux on the issue of standing calls for a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo denies that the TCPA is in a state of flux on the issue of standing. Except as expressly admitted or denied herein, Wells Fargo is without knowledge as to, and therefore denies, the remaining allegations and inferences in paragraph 5 of Breslow's Amended Complaint.

6.     Wells Fargo Bank, N.A. is a national banking association and has its principal place of business in Sioux Falls, South Dakota. Wells Fargo admits that it merged with Wachovia Bank, N.A. and that Wells Fargo is the successor in interest to Wachovia Bank, N.A. Except as expressly admitted herein, Wells Fargo denies the remaining allegations in paragraph 6 of Breslow's Amended Complaint, as written.

7.     The allegation in paragraph 7 of Breslow's Amended Complaint regarding the statute of limitations for TCPA claims call for a legal conclusion to which no response it required. To the

WP1 424192v1 10/04/11

extent a response is required, Wells Fargo denies said allegation. Wells Fargo admits that Plaintiffs allege that this lawsuit stems from telephonic collection efforts over the last four years, but based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies any allegation or inference that Wells Fargo violated the TCPA and denies that Breslow is entitled to recover any relief from Wells Fargo. Except as expressly admitted or denied herein, Wells Fargo is without knowledge as to, and therefore denies, the remaining allegations and inferences in paragraph 7 of Breslow's Amended Complaint.

8. Based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 8 of Breslow's Amended Complaint.

9. Based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 9 of Breslow's Amended Complaint.

10. As and for its response to the allegations in paragraph 10 of Breslow's Amended Complaint pertaining to the action styled *Dobbin v. Wells Fargo Auto Finance, Inc.*, Case No. 1:10-cv-00268, pending in the United States District Court, Northern District of Illinois (the "Dobbin Action"), Wells Fargo refers to the Dobbin Action for a complete recitation of its contents. Wells Fargo denies any allegation that it is the same entity as the Defendant in the Dobbin Action. Except as expressly admitted herein, and based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the remaining allegations and inferences in paragraph 10 of Breslow's Amended Complaint.

11. Based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 11 of Breslow's Amended Complaint.

12. The allegations of paragraph 12 of Breslow's Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo denies the allegations of paragraph 12 of Breslow's Amended Complaint. Except as expressly stated herein, Wells Fargo is without knowledge as to, and therefore denies, the remaining allegations and inferences in paragraph 12 of Breslow's Amended Complaint.

13. Based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 13 of Breslow's Amended Complaint.

14. Based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations in paragraph 14 of Breslow's Amended Complaint.

15. The allegations of paragraph 15 of Breslow's Amended Complaint regarding the lawfulness of Wells Fargo's alleged activity call for a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo denies those allegations. Except as expressly stated herein, based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the remaining allegations and inferences in paragraph 15 of Breslow's Amended Complaint.

16. Based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations and inferences in paragraph 16 of Breslow's Amended Complaint.

17. Wells Fargo denies the allegations and inferences in paragraph 17 of Breslow's Amended Complaint.

18. The allegations of paragraph 18 of Breslow's Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo

refers to the TCPA, all rulings and findings by the Federal Communications Commission ("FCC"), and all other applicable law for a complete recitation of their contents and interpretation. Except as expressly stated herein, Wells Fargo denies the remaining allegations and inferences in paragraph 18 of Breslow's Amended Complaint.

19. The allegations of paragraph 19 of Breslow's Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo refers to the TCPA, all rulings by the Federal Communication Commission ("FCC"), and all other applicable law for a complete recitation of their contents and interpretation. Except as expressly stated herein, Wells Fargo denies the remaining allegations and inferences in paragraph 19 of Breslow's Amended Complaint.

20. The allegations of paragraph 20 of Breslow's Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo refers to the Hobbs Act, the TCPA, all rulings by the Federal Communication Commission ("FCC"), and all other applicable law for a complete recitation of their contents and interpretation. Except as expressly stated herein, Wells Fargo denies the remaining allegations and inferences in paragraph 20 of Breslow's Amended Complaint.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21. As and for its answer to paragraph 21 of the Amended Complaint, Wells Fargo realleges its responses to the allegations of paragraphs 1 through 20 as if fully set forth herein

22. The allegations of paragraph 22 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, based upon the information known or readily available, Wells Fargo is without knowledge as to, and therefore denies, the allegations and inferences in paragraph 22 of Breslow's Amended Complaint.

WP1 424192v1 10/04/11

## AFFIRMATIVE DEFENSES

As and for its First Affirmative Defense, Wells Fargo states that R.B. has no standing to bring this action because he/she was not the owner of the cellular phone number at issue in this action.

As and for its Second Affirmative Defense, Wells Fargo states that this Court lacks subject matter jurisdiction over Plaintiffs' claims.

As and for its Third Affirmative Defense, Wells Fargo states that Plaintiffs' claims are barred to the extent that either Plaintiff authorized and/or consented to Wells Fargo and/or its agents to contacting Plaintiffs.

As and for its Fourth Affirmative Defense, Wells Fargo states that Plaintiffs' claims are barred to the extent that either Plaintiff had an existing business relationship with Wells Fargo and/or its agents.

As and for its Fifth Affirmative Defense, Wells Fargo states that Plaintiffs' claims are barred to the extent they failed to mitigate their damages.

As and for its Sixth Affirmative Defense, Wells Fargo states that Plaintiffs' claims are barred to the extent that any damages suffered by Plaintiff resulted from the acts or omissions of third parties not under the control or direction of Wells Fargo.

As and for its Seventh Affirmative Defense, Wells Fargo states that it is entitled to a set-off to the extent Plaintiff receives recovery from any other party relative to the claims raised herein.

As and for its Eighth Affirmative Defense, Wells Fargo states that Plaintiff's claims are barred by laches.

As and for its Ninth Affirmative Defense, Wells Fargo states that Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs waived any claims regarding the conduct surrounding the occurrences alleged in the Amended Complaint.

As and for its Tenth Affirmative Defense, Wells Fargo states that Plaintiffs' TCPA claim is barred in whole or in part because any alleged calls Wells Fargo made to Plaintiffs did not constitute unsolicited advertising.

As and for its Eleventh Affirmative Defense, Wells Fargo states that Plaintiffs' TCPA claim is barred in whole or in part because no privacy rights were affected.

As and for its Twelfth Affirmative Defense, Wells Fargo states that Plaintiffs' TCPA claim is barred in whole or in part to the extent that the alleged telephone calls received by Plaintiffs, if any, were not charged to either Plaintiff, exempting them from application of the TCPA.

As and for its Thirteenth Affirmative Defense, Wells Fargo states that Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs ratified the conduct surrounding the occurrences alleged in the Amended Complaint.

As and for its Fourteenth Affirmative Defense, Wells Fargo presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Wells Fargo reserves the right to assert additional affirmative defenses as they become known.

WHEREFORE, Defendant, Wells Fargo Bank, N.A., respectfully requests that this Court enter Final Judgment in its favor and against Plaintiff, Lynn Breslow, individually, and on behalf of "R.B.", a minor, on all claims in the Amended Complaint, enter an award of costs in favor of Wells Fargo, and enter such other and further relief as is just and proper.

Dated: October 4, 2011

                                  FOX ROTHSCHILD LLP
                                  222 Lakeview Avenue, Suite 700
                                  West Palm Beach, FL 33401
                                  Telephone: (561) 835-9600
                                  Facsimile: (561) 835-9602

                                  By: */s/ Elliot A. Hallak*
                                       Amy S. Rubin
                                       Florida Bar No. 476048
                                       arubin@foxrothschild.com
                                       Elliot A. Hallak
                                       Florida Bar No. 762741
                                       ehallak@foxrothschild.com

                                  *Counsel for Defendant Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Elliot A. Hallak*

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO: 11-22681-CIV-MARTINEZ/MCALILEY

Amy S. Rubin
Florida Bar Number: 476048
arubin@foxrothschild.com
Elliot A. Hallak
Florida Bar No. 762741
ehallak@foxrothschild.com
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

***Attorneys for Defendant Wells Fargo Bank, N.A.***

Scott D. Owens
Florida Bar Number 0597651
scott@scottdowens.com
2000 E. Oakland Park Blvd., Suite 106
Fort Lauderdale, Florida 33306
Telephone: (954) 306-8104
Facsimile: (954) 337-0666

***Attorney for Plaintiffs***