UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 11-22681-Civ-SCOLA/BANDSTRA**

LYNN BRESLOW, individually, and
on behalf of "R.B.", a minor,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division of
Wells Fargo Bank, N.A).

    Defendant.
_____ /

**PLAINTIFFS' MEMORANDUM OF LAW
AND STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Plaintiff, LYNN BRESLOW, individually, and on behalf of "R.B.", a minor ("Plaintiffs"), respectfully requests that this Court enter summary judgment in favor of Plaintiffs and rule that that, as a matter of law, Defendant, WELLS FARGO BANK, N.A. ("Defendant"), has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and that there are no genuine issues of material fact relative to any defense to said violation of the TCPA. In support of this Motion, Plaintiff submits the accompanying Memorandum and Statement of Material Facts.  As set forth in Plaintiffs' Memorandum, Defendant has placed numerous telephone calls to the Plaintiffs' cellular telephone using both an automatic telephone dialing system and an artificial or prerecorded voice, all without even the possibility of

[1]

Plaintiffs' prior express consent. In consequence, Plaintiffs are entitled to partial summary judgment as a matter of law as to Defendant's liability for violating the TPCA.

## I. PLAINTIFFS' STATEMENT OF FACTS

1. Plaintiff LYNN BRESLOW is a natural person and was once the possessor/owner of a cellular telephone with the assigned telephone number 786-877-3516. (Aff. Of Lynn Breslow, ¶ 2)

2. Plaintiff LYNN BRESLOW is a natural person and was financially responsible for the bill associated with the aforementioned cellular telephone. (Aff. Of Lynn Breslow, ¶ 3)

3. Defendant WELLS FARGO BANK, N.A. is a national banking association and has its principal place of business in Sioux Falls, South Dakota. (D.E. 18, at ¶ 6)

4. Defendant WELLS FARGO BANK, N.A. placed calls to the Plaintiff's former cellular telephone 786-877-3516 during the time period relevant to this action. (Exhibit A)

5. The aforesaid calls to Plaintiff's cellular telephone were made using an automated telephone dialing system or an artificial or prerecorded voice. (Exhibit A)

6. Plaintiff LYNN BRESLOW never provided prior express consent to Defendant, WELLS FARGO BANK, N.A, or any other predecessor in interest to contact her on her cellular telephone in this manner. (D.E. 5, at ¶ 15) (allegation of fact, uncontroverted by Defendant).

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. at 248.

In opposing a summary judgment motion, the "non-moving party must do more than present a mere "scintilla" of evidence in his favor. Rather, the nonmoving party must present sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence for the non-movant." *Sylvia Dev. Corp. v. Calvert County Md.*, 48 F. 3d 810, 818 (4th Cir. 1995) (quoting *Anderson*, 477 U.S. at 249-50).

An apparent dispute is "genuine" only if the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment must be granted." *Anderson*, 477 U.S. at 249. *Griffith v. Bird*, 2009 U.S. Dist. LEXIS 104469 (W.D.N.C. Nov. 3, 2009).

## III. ARGUMENT

### A. Introduction

This motion involves a very simple, narrow legal issue. The Defendant placed telephone calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the Plaintiffs, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). Consequently, the

Plaintiffs are entitled as a matter of law to partial summary judgment as to the Defendant's liability.

The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Enforcement of this rule is assured through a private right of action created by the TCPA, which provides that a person may bring "an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. § 227(b)(3)(B).

In this case, the Defendant placed numerous calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system and an artificial or prerecorded voice. After being compelled to produce discovery responses (D.E. 36), Defendant WELLS FARGO confirms this fact in the evidence provided pursuant to the Court's order compelling production (Exhibit A).  Incorporated in Exhibit A is the affidavit of J. Stuart Heaberlin, an officer at Wells Fargo bank, who claims therein that "the original data of calls and attempted calls made by a Wells Fargo automatic dialer is comprised of *millions of pages* obtained from a dialer system that has been decommissioned." According to Mr. Heaberlin, it would take "50 days or 10 weeks" to produce call records of each autodialed call placed by Defendant WELLS FARGO to Plaintiff during the subject time frame. A review of Mr. Heaberlin's purported summary of the calls placed to Plaintiff's cellular phone (identified as "events" in the call data) show only the month and date call were placed to Plaintiff's cellular phone, but not the number of calls placed per

[4]

day. Even so, and taking WELLS FARGO'S documents at face value, it appears WELLS FARGO could have placed as many as fourteen hundred (1400) calls to Plaintiffss cellular telephone during the subject time frame. Incredibly, all these calls were placed to an individual who had no business dealings whatsoever with WELLS FARGO.

Defendant has not (because it cannot) provide any evidence whatsoever that Plaintiff provided her prior express consent for the Defendant, WELLS FARGO BANK, N.A., or any other predecessor in interest to contact the Plaintiffs in this horrendous manner. Because Plaintiff has never had any business dealing whatsoever with Defendant, or its predecessor(s), it defies logic to even suggest Defendant had the consent Plaintiff to call her cellular telephone, and Defendant's bald allegations to the contrary are insufficient to prevent summary judgment. See, *American States Ins. Co. v. Lanier Business Products*, 707 F. Supp. 494 (MD Ala. 1989) (Bald assertions of fact without documentary support are insufficient to defeat a motion for summary judgment).

Consequently, any defense of prior express consent must fail as a logical impossibility. These facts are uncontroverted, and in fact supported by the Defendant's own records. Consequently, there are no genuine issues of material fact remaining as to Defendant's liability. Accordingly, the Court should grant partial summary judgment as to liability in favor of the Plaintiff.

    **B.**    **DEFENDANT VIOLATED THE TCPA BY CALLING PLAINTIFFS' CELLULAR TELEPHONE USING AN AUTOMATED TELEPHONE DIALING SYSTEM OR AN ARTIFICIAL OR PRERECORDED VOICE**

Plaintiff LYNN BRESLOW, at all times material hereto, is and was the possessor and user of the cellular telephone with the assigned telephone number 786-877-3516.

(Aff. Of Lynn Breslow, ¶ 2). Within the past four years, the Defendant has placed what now appear to be thousands calls to the Plaintiff's cellular telephone using an automatic telephone dialing system, or an artificial or prerecorded voice. (Exhibit A). These facts alone establish prima facie liability for violation of the TCPA.

The only defense to violation of the TCPA is "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii). Where a person first provides his or her prior express consent to receive telephone calls on a cellular telephone number, a caller may raise this defense to a charge of violating the TCPA.

This defense is not available to the Defendant in this case. In order for the defense of "express consent" to apply in the context of collection of debt, the called party must have provided her number to the calling party during the transaction that resulted in the debt owed. *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 564-65, 2008 WL 65485 (Jan. 4, 2008) ("We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."). The Plaintiff never had any business dealings with the Defendant and never gave her cellular telephone number to the Defendant. Consequently, it is a logical impossibility for the Plaintiffs to have ever provided prior express consent for the Defendant to call this number, and the defense must fail as a matter of law.

Accordingly, the Defendant has violated the TCPA, and no defenses are available as a matter of law. The Court should grant summary judgment as to liability in favor of the Plaintiffs, with damages to be determined at a later date.

C.  **CONCLUSION**

The Defendant placed telephone calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system and an artificial or prerecorded voice without the prior express consent of the Plaintiffs, in violation of the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).  The only defense to liability provided under the statute fails as a matter of law as a logical impossibility.  Consequently, the Plaintiffs are entitled to partial summary judgment against the Defendant as to liability.

Dated: March 12, 2012                                        Respectfully submitted,

 /s/ Scott D. Owens_____
SCOTT D. OWENS, ESQ.
Florida Bar No. 0597651
*Attorney for Plaintiffs*
664 E Hallandale Beach Blvd
Hallandale Beach, FL 33009
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12TH day of March 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 12TH day March 2012 via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          Respectfully submitted,

          */s/ Scott D. Owens*
          **SCOTT D. OWENS, ESQ.**