UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-22681-CIV-SCOLA/BANDSTRA

LYNN BRESLOW, individually, and
on behalf or "R.B.", a minor,
    Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division
of Wells Fargo Bank, N.A."),
    Defendant.
_____/

## WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 44) AND PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (ECF NO. 45)

Defendant, Wells Fargo Bank, N.A., successor-in-interest to Wachovia Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56 and S.D. Local Rule 56.1, files its Response in Opposition to the Motion for Partial Summary Judgment (ECF No. 44) and Request for Judicial Notice (ECF No. 45) filed by Plaintiffs, Lynn Breslow, individually, and on behalf of "R.B.", a minor (collectively, "Plaintiffs"). As grounds therefore, Wells Fargo states as follows:

### *Introduction*

Plaintiffs' one-count Amended Complaint seeks to hold Wells Fargo liable for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for making debt collection calls intended to reach a former customer (the "Former Wells Fargo Customer") who purportedly no longer owned the telephone number (the "Telephone Number") which it provided to Wells Fargo in connection with its account. However, pursuant to controlling law, namely the Rulings of the Federal Communications Commission ("FCC") and the decisions of the Eleventh Circuit, there is no liability under the TCPA for the calls made by Wells Fargo to the Telephone Number. As set forth herein, not only should Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44) be denied, this Court should, in fact, enter summary judgment in favor of Wells Fargo based upon the undisputable facts and law of this case.

## *Statement of Material Facts*

**A.     Response to Plaintiffs' Statement of Undisputed Material facts**

1.     For its response to paragraph 1 of Plaintiffs' Statement of Material Facts, Wells Fargo states that Plaintiffs have failed to present this Court with any competent record evidence that Lynn Breslow was the "possessor/owner" of a cellular telephone with the assigned Telephone Number. In fact, this statement appears to be in direct conflict with the Plaintiffs' sworn Interrogatory Answers in this action, wherein they state that the *only* person who had access to and/or used the Telephone Number is the minor child, R.B. *See* Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 3.[1]

2.     For its response to paragraph 2 of Plaintiffs' Statement of Material Facts, Wells Fargo states that Plaintiffs have failed to present this Court with any competent record evidence that Lynn Breslow was financially responsible for bill associated with the Telephone Number. Rather, paragraph 3 of the Affidavit of Lynn Breslow (ECF No. 44-2) merely states that "The Affiant has reviewed the billing record attached hereto as Exhibit "A" and maintains that they are a true and accurate." Exhibit A to the Affidavit of Lynn Breslow (ECF No. 44-2), however, is merely an incomplete and unauthenticated single page (Page 18 of 19) of what appears to be a single Verizon Wireless billing statement.

3.     Wells Fargo admits paragraph 3 of Plaintiffs' Statement of Material Facts.

4.     For its response to paragraph 4 of Plaintiffs' Statement of Material Facts, Wells Fargo admits only that it placed the calls to the Telephone Number which are identified on the summary (the "Call Summary") attached to Plaintiffs' Motion for Summary Judgment as Exhibit A (ECF No. 44-3, p. 11-12). Plaintiffs, however, have failed to present any competent record evidence that they were the owners of the Telephone Number at the time any such calls were made.

5.     Wells Fargo admits paragraph 5 of Plaintiffs' Statement of Material Facts only as to the calls reflected on the Call Summary (ECF No. 44-3, p. 11-12).

6.     For its response to paragraph 6 of Plaintiffs' Statement of Material Facts, Wells Fargo states that Plaintiffs have failed to present this Court with any competent record evidence

---

[1] Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1) and Plaintiffs' Answers to Wells Fargo's Second Set of Interrogatories (ECF No. 53-2) have been appropriately redacted in accordance with Fed. R. Civ. P. 5.2.

WP1 467034v1 04/12/12

that Lynn Breslow never provided prior express consent to Wells Fargo to contact her on her cellular telephone in this matter. Rather, Plaintiffs merely refer to an unverified allegation of their Amended Complaint (ECF No. 5), ¶15, which is not proper record evidence for purposes of a motion for summary judgment and was not admitted by Wells Fargo (*see* Wells Fargo Answer and Affirmative Defenses (ECF No. 18), ¶15). Moreover, in Plaintiffs' sworn Interrogatory Answers in this action, Plaintiffs state that the *only* person who had access to and/or used the Telephone Number is the minor child, R.B. *See* Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 3.

**B.     Additional Material Facts**

7.     Wells Fargo Bank, N.A. is wholly owned by Wells Fargo & Co. *See* Affidavit of Stuart Haeberlin in Opposition to Plaintiffs' Motion for Summary Judgment (the "Haeberlin Affidavit"), at ¶3.

8.     Wells Fargo & Co. completed its merger with Wachovia Corporation (which wholly owned Wachovia Bank, N.A.), effective December 31, 2008. *See* Haeberlin Affidavit, at ¶3.

9.     As a result of the merger between Wells Fargo & Co. and Wachovia Corporation, Wells Fargo Bank, N.A. is the successor in interest to Wachovia Bank, N.A. *See* Haeberlin Affidavit, at ¶3.

10.    When Wells Fargo's automated dialer dialed a telephone number, the automated dialer generated a computer record of the call. The generation of a computer record of the call occurred **regardless of whether anyone actually answered the call**. *See* Haeberlin Affidavit, at ¶8.

11.    The Call Summary is a true, accurate, and complete computer compilation of all telephone calls and attempted telephone calls made by Wells Fargo to the Telephone Number using any automatic telephone dialing system or an artificial or prerecorded voice for which Wells Fargo has a record. *See* Haeberlin Affidavit, at ¶9.

12.    The Former Wells Fargo Customer provided the Telephone Number to Wells Fargo in connection with the account it maintained at Wells Fargo. *See* Haeberlin Affidavit, at ¶10.

13.    The Telephone Number was the only telephone number provided to Wells Fargo by the Former Wells Fargo Customer. *See* Haeberlin Affidavit, at ¶11.

14. The Former Wells Fargo Customer owed a debt to Wells Fargo at the times that each of the calls reflected on the Call Summary were made to the Telephone Number. *See* Haeberlin Affidavit, at ¶12.

15. Each of the calls reflected on the Call Summary to the Telephone Number were made in connection with the debt owed to Wells Fargo by the Former Wells Fargo Customer. *See* Haeberlin Affidavit, at ¶13.

16. The intended recipient of each of the calls made to the Telephone Number by Wells Fargo was the Former Wells Fargo Customer. *See* Haeberlin Affidavit, at ¶14.

17. Prior to making any automated calls or calls using an artificial or pre-recorded voice to the Telephone Number, Wells Fargo had not been advised that the Former Wells Fargo Customer no longer owned the Telephone Number and Wells Fargo was not aware that the Former Wells Fargo Customer (purportedly) did not own the Telephone Number. *See* Haeberlin Affidavit, at ¶15.

18. The Former Wells Fargo Customer never revoked its consent for Wells Fargo to contact it on the Telephone Number. *See* Haeberlin Affidavit, at ¶16.

19. The Former Wells Fargo Customer never requested that Wells Fargo cease to contact it on the Telephone Number. *See* Haeberlin Affidavit, at ¶17.

20. Plaintiffs contend that they came to own the Telephone Number in August 2008. *See* Plaintiffs' Answers to Wells Fargo's Second Set of Interrogatories (ECF No. 53-2), at Interrogatory Number 1.

21. The only person who had access to and/or used the Telephone Number is the minor child, R.B. *See* Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 3.

22. The Plaintiffs have failed and/or refused to identify any specific date and time in which Wells Fargo purportedly called the Telephone Number. Indeed, R.B. (the only person who had access to and/or used the Telephone Number) admits that he has "no record of [the] names, times, etc." in which Wells Fargo purportedly called the Telephone Number. *See* Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 6.

23. Subsequent to August 2008 (when Plaintiffs claim they came to own the Telephone Number), Wells Fargo's records indicate that it made exactly two (2) automated calls

4

to the Telephone Number. *See* Haeberlin Affidavit, at ¶18; *see also* Call Summary (ECF No. 44-3, p. 11-12).

24. These calls to the Telephone Number were made on September 25, 2008 at 4:20 p.m. and September 25, 2008 at 7:08 p.m. *See* Haeberlin Affidavit, at ¶19; *see also* Call Summary (ECF No. 44-3, p. 11-12).

25. The call made to the Telephone Number on September 25, 2008 at 4:20 p.m. reached an answering machine. *See* Haeberlin Affidavit, at ¶20; *see also* Call Summary (ECF No. 44-3, p. 11-12).

26. During the call to the Telephone Number made on September 25, 2008 at 7:08 p.m., a Wells Fargo agent was advised that it reached a wrong telephone number. *See* Haeberlin Affidavit, at ¶21; *see also* Call Summary (ECF No. 44-3, p. 11-12).

27. Subsequent to the call made to the Telephone Number on September 25, 2008 at 7:08 p.m., Wells Fargo entered the account number held by the Former Wells Fargo Customer and the Telephone Number into the dialer software to exclude from dialing. *See* Haeberlin Affidavit, at ¶22; *see also* Call Summary (ECF No. 44-3, p. 11-12).

28. Subsequent to the call made to the Telephone Number on September 25, 2008 at 7:08 p.m., Wells Fargo's records establish that no other telephone calls to the Telephone Number using any automatic telephone dialing system or an artificial or prerecorded voice. *See* Haeberlin Affidavit, at ¶23; *see also* Call Summary (ECF No. 44-3, p. 11-12).

29. The two (2) calls reflected on the Call Summary correspond **to the minute** with the calls reflected on the unauthenticated single page attached to the Affidavit of Lynn Breslow. *Compare* Affidavit of Lynn Breslow (ECF No. 44-2), p.3 *with* Call Summary (ECF No. 44-3, p. 11).

30. As Wells Fargo & Co. had not yet merged with Wachovia Corporation, any calls made to the Telephone Number on September 25, 2008 (or prior to the merger) would not left a message stating: "Please contact Wachovia Bank, a division of Wells Fargo Bank, N.A. at 866-211-6980" as alleged in paragraph 11 of the Amended Complaint. *See* Haeberlin Affidavit, at ¶24; see also Amended Complaint (ECF No. 5), at ¶11.

*Memorandum of Law*

A. <u>**Standard for Summary Judgment**</u>

A summary judgment may be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(d); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial ... [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259–60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.,* 485 F.3d 1130, 1140 (11th Cir.2007). However, where there is no issue of material fact, and the non-moving party is entitled to judgment as a matter of law, the Court should grant summary judgment in favor of the non-movant. *Fischer v. Waite,* 2008 WL 4279683 at *3 (M.D. Fla. 2008) *citing to Stoute v. Mink,* 232 Fed. Appx. 881 (11th Cir. 2007).

B. <u>**There is No Liability Under the TCPA for the Calls Made by Wells Fargo to the Telephone Number**</u>

Congress enacted the TCPA in 1991 to combat the growing number of telephone ***marketing calls*** and certain ***telemarketing practices*** Congress found to be an invasion of consumer privacy, not to punish a business who contacts a customer who (purportedly) no longer owns the telephone number provided by the customer. *See* FCC Declaratory Ruling released January 4, 2008 *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, FCC 07-232, 23 F.C.C.R. 559, 2008 WL 65485

6

at *1. (the "2008 FCC Declaratory Ruling").[2] The TCPA provides, in relevant part, that: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call". 47 U.S.C. 227(b)(1)(A)(iii). Thus, "[a]lthough the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party." *See* 2008 FCC Declaratory Ruling, 2008 WL 65485 at *3.

The FCC has expressly held that the prior express consent has been given when the customer provides its wireless number to the creditor. Specifically, in the 2008 FCC Declaratory Ruling, the FCC clarified:

> "Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." The legislative history in the TCPA provides support for this interpretation. Specifically, the House report on what ultimately became section 227 states that: [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications."

---

[2] The TCPA directs the FCC, after comparing and evaluating "alternative methods," to adopt rules "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1)-(4). *See also* 2008 FCC Declaratory Ruling, 2008 WL 65485 at fn. 4. Plaintiff concedes that the FCC rulings are binding upon this Court. *See* Amended Complaint (ECF No. 5), ¶18. Indeed, only the Circuit Courts of Appeal have jurisdiction to review the FCC rulings.

7

*See* 2008 FCC Declaratory Ruling, 2008 WL 65485 at *3.

The FCC also agreed that "that calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing." *See* 2008 FCC Declaratory Ruling, 2008 WL 65485 at *3. "Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on "telephone solicitations." *Id.* Indeed, the FCC expressly noted that: "Debt collection calls are regulated primarily by the Federal Trade Commission and are subject to the requirements of the Fair Debt Collection Practices Act (FDCPA), which prohibits abusive, deceptive, and otherwise improper collection practices by third-party collectors."[3] *See* 2008 FCC Declaratory Ruling, 2008 WL 65485 at fn. 2. Based upon the foregoing, the FCC expressly ordered: "that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt **are permissible** as calls made with the "**prior express consent**" of the **called party**." *See* 2008 FCC Declaratory Ruling, 2008 WL 65485 at *5 (emphasis added).

In granting summary judgment in favor of a Creditor/Defendant on the Plaintiff's TCPA claim, the Eleventh Circuit Court of Appeals has expressly held that the "called party" for purposes of the TCPA is the **intended recipient**, and not the person who actually received the call. *Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230, 235 (11th Cir. 2011). In *Meadows*, Plaintiff, Elizabeth Meadows ("Meadows"), did not owe any of the debts that were the subject of the telephone calls by Creditor/Defendant, Franklin Collection Service, Inc. ("Franklin"). *Meadows*, 414 Fed.Appx. at 232. Rather, those debts were owed by Meadows's daughter, Elizabeth Meadows Taylor ("Taylor"), and by the family that previously owned Meadows's telephone number, the Tidmores. *Id.* From May 2006 until March 2009, Franklin called Meadows' residence multiple times per week regarding either the Tidmore or Taylor debts. *Id.* Meadows testified that she received about 300 calls over a two and a half year period regarding either the Taylor or the Tidmore debts, most of which were made using an automatic dialer, which delivered prerecorded messages without the capability of human interaction. *Id.* Meadows told Franklin, as early as May 2006, that she was not the debtor, and asked that Franklin stop calling. Franklin continued to call many more times, until March 2009. *Id.*

---

[3] In this action, the Plaintiffs have not brought a cause of action for alleged violations of the FDCPA. The sole count of their Amended Complaint is for alleged violations of the TCPA.

8

WP1 467034v1 04/12/12

Taking the facts in the light most favorable to Meadows (the non-movant), the *Meadows* Court considered the following facts:

> "...[Meadows] received approximately 300 calls over a two and a half year period regarding debts she did not owe and people she did not know. Meadows testified that occasionally she would receive up to three calls a day. Most of the hundreds of calls Franklin placed to Meadows used an automated dialer, a machine capable of continuously dialing and leaving messages without human interaction. Franklin, moreover, continued to call Meadows until March 2009 despite being informed in May 2006 that the debts were not her own and that the debtors did not live with her."

*Meadows*, 414 Fed.Appx. at 234.

However, notwithstanding the foregoing facts, the Court affirmed the summary judgment entered in favor of Franklin on Meadows' TCPA claim. The *Meadows* Court expressly held:

> "Because Franklin had an existing business relationship with the ***intended recipient*** of its prerecorded calls, and the calls were made for a commercial, non-solicitation purpose, we conclude that those calls are exempt from the TCPA's prohibitions of prerecorded calls to residences. As the district court noted, the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt. Otherwise, a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number and another member of the debtor's family answered." (emphasis added).

*Meadows*, 414 Fed.Appx. at 235.

The same analysis and result apply here. Since the Former Wells Fargo Customer provided the Telephone Number to Wells Fargo in connection with its account, as a matter of law, Wells Fargo had an existing business relationship with the Former Wells Fargo Customer and was granted prior express consent to contact the Telephone Number. *See* Haeberlin Affidavit, at ¶10; *see also* 2008 FCC Declaratory Ruling, 2008 WL 65485 at *3. Each of the calls reflected on the Call Summary to the Telephone Number were made in connection with the debt owed to Wells Fargo by the Former Wells Fargo Customer. *See* Haeberlin Affidavit, at ¶13. Indeed, the Amended Complaint expressly alleges that the calls made by Wells Fargo to the Telephone Number were made in an attempt to collect a consumer debt. *See* Amended Complaint (ECF No. 5), ¶1. The intended recipient of each of the calls made to the Telephone

9

Number was the Former Wells Fargo Customer. *See* Haeberlin Affidavit, at ¶14. Thus, since Wells Fargo had an **existing business relationship** with **and** the **prior express consent** of the **intended recipient** of the calls, as a matter of law, there is no liability under the TCPA for the debt collection calls made by Wells Fargo to the Telephone Number.

Accordingly, as a matter of law, based upon the indisputable facts and law of this case, this Court should deny Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44), and should enter summary judgment in favor of Wells Fargo on the entire Amended Complaint (ECF No. 5).

C. **The Record Evidence Indisputably Evidences That Wells Fargo Made Exactly Two (2) Automated Calls to the Telephone Number During The Time Plaintiffs' Claim They Owned The Telephone Number**

The Call Summary is the **sole** competent record evidence before this Court of the calls made by Wells Fargo to the Telephone Number. As the Plaintiffs have introduced the Call Summary into evidence in connection with their Motion for Partial Summary Judgment (ECF No. 44-3), Wells Fargo may, of course, utilize the competent evidence already placed in the record by the Plaintiffs in the instant response. Moreover, it is well established that computer data compilations prepared in connection with litigation are admissible as business records under Fed. R. Evid. 803(6). Indeed, in *Dobbin v. Wells Fargo Auto Finance, Inc.*, 2011 WL 2446566 (N.D. Ill. 2007), the Court granted summary judgment in favor of Wells Fargo Auto Finance on the Plaintiff's TCPA claim, expressly holding that a computer compilation of telephone calls made using an automated dialing system, which was prepared in connection with the summary judgment motion, was admissible record evidence for purposes of the summary judgment motion. *Dobbin v. Wells Fargo Auto Finance, Inc.*, 2011 WL 2446566 at *5.

Furthermore, pursuant to Fed. R. Civ. P. 1006: "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be easily examined by the Court." The Call Summary certainly falls within the circumstances in which a summary, chart, or calculation may be used pursuant to Fed. R. Civ. P. 1006. Clearly, the original data of calls and attempted calls made by the Wells Fargo automated dialer cannot be easily examined by the Court as it is comprised of millions of pages of records, the vast majority of which pertains to other customers who have constitutional privacy rights to their financial records (which have absolutely no relation to the instant litigation). *See* Affidavit

10

of Stuart Haeberlin in Support of Wells Fargo's Certificate of Compliance with February 8, 2012 Order (ECF No. 44-3), p.8, ¶4-11.

The Plaintiffs' apparent contention in the Motion for Partial Summary Judgment (ECF No. 44) that Wells Fargo made "thousands" of calls to the Telephone Number is preposterous and wholly unsupported by any record evidence. *See* Motion for Partial Summary Judgment (ECF No. 44), p. 6. Likewise, the Plaintiffs' contention that the Call Summary fails to show the number of calls placed per day is simply wrong. In fact, the Call Summary clearly identifies the month, date, hour, minute, and second of each and every call made to the Telephone Number along with a description of what occurred on each and every call. *See* Call Summary, ECF No. 44-3, p. 11-12. The Call Summary indisputably evidences that since the date Plaintiffs claim they came to own the Telephone Number, *exactly* two calls were made to the Telephone Number by Wells Fargo using any automatic telephone dialing system or an artificial or prerecorded voice, both of which occurred on September 25, 2008 at 4:20 p.m. and at 7:08 p.m. *See* Haeberlin Affidavit, at ¶¶18-20; *see also* Call Summary (ECF No. 44-3, p. 11-12). The Call Summary also evidences that when Wells Fargo was advised that it had reached a "wrong number", Wells Fargo immediately (at 7:10 p.m. on September 25, 2008) entered the Former Wells Fargo's Customer's account number into its dialing software to exclude from dialing, and no further calls were made from Wells Fargo to the Telephone Number using an automatic telephone dialing system or an artificial or prerecorded voice. *See* Haeberlin Affidavit, at ¶¶22-23; *see also* Call Summary (ECF No. 44-3, p. 11-12).

There is absolutely no record evidence which contradicts the Call Summary. Specifically, the only person alleged to have had access to and/or used the Telephone Number is the minor child, R.B. *See* Plaintiffs' Answers to Wells Fargo's Second Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 3. R.B. has not provided any affidavit in connection with Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44). However, in his interrogatory responses, R.B. admits that he has "no record of [the] names, times, etc." in which Wells Fargo purportedly called the Telephone Number. *See* Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 6.

Moreover, as Plaintiff, Lynn Breslow, did not have access to and/or use the Telephone Number, she is not competent to provide any testimony as to any calls made to the Telephone Number. Furthermore, in paragraph 11 of the Amended Complaint, Plaintiffs assert that each

11

and every time R.B. answered a call, an artificial or pre-recorded voice would play, stating: "*Please contact Wachovia Bank, a division of Wells Fargo Bank, N.A. at 866-211-6980...*" *See* Amended Complaint (ECF No. 5), ¶11. However, it is simply not possible that R.B. received any such message because the merger between Wells Fargo & Co. and Wachovia Corporation (effective December 31, 2008) had not yet occurred at the time that the calls were made to the Telephone Number (on September 25, 2008). *See* Haeberlin Affidavit, at ¶24.

Clearly, if any additional automated calls (other than those reflected on the Call Summary) occurred or had R.B. had multiple telephone conversations with Wells Fargo requesting that Wells Fargo cease calling the Telephone Number, there would be a documentary record of such calls either on the Call Summary and/or on Plaintiffs' billing records for the Telephone Number. The obvious reason that the Plaintiffs did not include the billing records for the Telephone Number in connection with their Motion for Partial Summary Judgment (ECF No. 44) is because those records are wholly consistent with Wells Fargo's Call Summary. Indeed, the calls identified on the Call Summary correspond **to the minute** with the single page attached to the Affidavit of Lynn Breslow (ECF No. 44-2), p. 3, which appears to be a portion of a Verizon Wireless billing statement for the Telephone Number.

### D. Plaintiffs' Request for Judicial Notice is Improper and Should Be Denied

On March 15, 2012, Plaintiffs filed their Request for Judicial Notice (ECF No. 45), which was docketed with the Court as a Supplement to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44). Therein, Plaintiffs request that this Court take judicial notice of an unauthenticated letter dated May 21, 2010, purportedly sent by Senior Counsel of Wells Fargo & Co. to the FCC (the "Letter") in connection with a notice of *proposed* rulemaking issued by the FCC, which has no applicability to the instant action and pertains to time periods not at issue in this action.

"[T]he taking of judicial notice is, "as a matter of evidence law, a highly limited process" because "the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence ...." *In re Fontainebleau Las Vegas Contract Litigation*, 2012 WL 930290 at *47 *quoting Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.1997). "Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules." *Fontainebleau*, 2012 WL 930290 at *47 *quoting Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780 (8th Cir.2009). "[A]

12

court may properly decline to take judicial notice of documents that are irrelevant to the resolution of a case." *Fontainebleau*, 2012 WL 930290 at *47 *quoting Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir.2010). Moreover, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but to establish the fact of such litigation and related filings." *Fontainebleau*, 2012 WL 930290 at *46 quoting *Autonation, Inc. v. O'Brien*, 347 F.Supp.2d 1299, 1310 (S.D.Fla.2004) (citing *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994)).

The unauthenticated Letter is simply not the proper subject for judicial notice pursuant to Fed. R. Evid. 201 and is not a substitute for Plaintiffs' lack of any record evidence supporting their claims in this action. Moreover, even if the Court were to take judicial notice of the Letter, the existence and contents of the Letter are in no way relevant to the resolution of this case and in no way impact the arguments made herein. Accordingly, the Court should deny the Plaintiffs' Request for Judicial Notice of the Letter because irrespective of whether the Court considers the Letter, the Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44) still fails as a matter of fact and law.

Specifically, Plaintiffs have failed to identify the **fact(s)** for which they are seeking to have the Court take judicial notice. On its face, the unauthenticated Letter simply purports to contain out-of-court statements and commentary of Senior Counsel of Wells Fargo & Co. in connection with a proposed rulemaking by the FCC, which has no applicability to the instant action and were made at a time period not applicable to the instant action. In this case, Plaintiffs contend that they came to own the Telephone Number in August 2008 and changed the Telephone Number almost one (1) year later (*i.e.*, August 2009). *See* Plaintiffs' Answers to Wells Fargo's Second Set of Interrogatories (ECF No. 53-2), at Interrogatory Number 1; *see also* Plaintiffs' Answers to Wells Fargo's First Set of Interrogatories (ECF No. 53-1), at Interrogatory Number 6. However, on its face, the Letter is dated May 21, 2010 and pertains to a *proposed* rulemaking which was not in effect during the time that Plaintiffs allegedly owned the Telephone Number. Likewise, any statements in the Letter regarding Wells Fargo & Co.'s then-current business practices in May 2010, in no way establishes what occurred relative to the Telephone Number during August 2008 – August 2009 (the period that Plaintiffs claim they owned the Telephone Number). The simple fact remains that the **sole** competent record evidence in this case of calls made to the Telephone Number is the Call Summary.

13

As the Letter is simply not the proper subject of a request for judicial notice and is irrelevant to the resolution of this case, this Court should deny Plaintiffs' Request for Judicial Notice (ECF No. 45).

## Conclusion

As established above, not only have the Plaintiffs have failed to establish their burden in connection with their Motion for Partial Summary Judgment (ECF No. 44), based upon the competent record evidence this Court should grant summary judgment in favor of Wells Fargo on the entire Amended Complaint (ECF No. 5) as a matter of law. Moreover, Plaintiffs' Request for Judicial Notice (ECF No. 45) is improper and should be denied. Accordingly, Wells Fargo requests that this Court enter an Order: (i) denying Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44); (ii) denying Plaintiffs' Request for Judicial Notice (ECF No. 45); (iii) entering summary judgment in favor of Wells Fargo on the entire Amended Complaint (ECF No. 5); and (iv) granting such other and further relief that this Court deems just and proper.

Respectfully submitted,

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: */s/ Elliot A. Hallak*
    Amy S. Rubin (Florida Bar No. 476048)
    arubin@foxrothschild.com
    Elliot A. Hallak (Florida Bar No. 762741)
    ehallak@foxrothschild.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

WP1 467034v1 04/12/12

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>Fox Rothschild LLP
>222 Lakeview Avenue, Suite 700
>West Palm Beach, FL 33401
>Telephone: (561) 835-9600
>Facsimile: (561) 835-9602
>
>By: /s/ *Elliot A. Hallak*
>   Amy S. Rubin
>   Florida Bar No. 476048
>   arubin@foxrothschild.com
>   Elliot A. Hallak
>   Florida Bar No. 762741
>   ehallak@foxrothschild.com
>
>*Counsel for Defendant Wells Fargo Bank, N.A.*

WP1 467034v1 04/12/12

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO: 11-22681-CIV-SCOLA/BANDSTRA

| | |
|---|---|
| Amy S. Rubin<br>Florida Bar Number: 476048<br>arubin@foxrothschild.com<br>Elliot A. Hallak<br>Florida Bar No. 762741<br>ehallak@foxrothschild.com<br>Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Telephone: (561) 835-9600<br>Facsimile: (561) 835-9602<br><br>***Attorneys for Defendant Wells Fargo Bank, N.A.*** | Scott D. Owens<br>Florida Bar Number 0597651<br>scott@scottdowens.com<br>2000 E. Oakland Park Blvd., Suite 106<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 306-8104<br>Facsimile: (954) 337-0666<br><br>***Attorney for Plaintiffs*** |

WP1 467034v1 04/12/12