UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-22681-CIV-SCOLA/BANDSTRA

LYNN BRESLOW, individually, and
on behalf or "R.B.", a minor,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division of
Wells Fargo Bank, N.A."),

    Defendant.
_____/

## WELLS FARGO BANK, N.A.'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY CASE PENDING ANY APPEAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, Wells Fargo Bank, N.A., as successor-in-interest to Wachovia Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel pursuant to Fed. R. Civ. P. 59 and/or 60 or 28 U.S.C. §1292(b), hereby moves for reconsideration of this Court's Order on Plaintiffs' Motion for Partial Summary Judgment (the "Partial Summary Judgment Order")(ECF No. 58), or in the alternative for certification of the Partial Summary Judgment Order for immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b) and to stay these proceedings during any appeal. In support hereof, Wells Fargo states as follows:

*Introduction/Factual Background*

The Plaintiffs filed a single-count Amended Complaint (ECF No. 5) against Wells Fargo for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, *et. seq.* ("TCPA"). As noted by the Court in its Order on Plaintiffs' Motion for Partial Summary Judgment (the "Partial Summary Judgment Order")(ECF No. 58), the factual record in this action is short and there are few facts in dispute. *See* Partial Summary Judgment Order (ECF No. 58), p. 1. Wells Fargo had a

former customer (the "Former Customer") which owed a debt to Wells Fargo. The Former Customer provided the subject cellular telephone number (the "Telephone Number") to Wells Fargo in connection with the account it maintained at Wells Fargo. The Telephone Number was the only phone number provided to Wells Fargo in connection with the Former Customer's account. The Former Customer never revoked its consent for Wells Fargo to call the Telephone Number, nor advised Wells Fargo that it no longer owned the Telephone Number. *See* Partial Summary Judgment Order (ECF No. 58), pp. 1-2.

Plaintiffs contend that they came to own the Telephone Number in August 2008. The minor child, R.B. had exclusive access to and/or use of the Telephone Number. Subsequent to August 2008, Wells Fargo made two (2) calls to the Telephone Number, both of which occurred on September 25, 2008. *See* Partial Summary Judgment Order (ECF No. 58), pp. 1-2. The intended recipient of the calls made to the Telephone Number on September 25, 2008 was the Former Customer, and not the Plaintiffs. *See* Partial Summary Judgment Order (ECF No. 58), p. 5.

The first of the two calls on September 25, 2008 reached an answering machine. During the second call, which occurred on September 25, 2008 at 7:08 p.m., a Wells Fargo representative was advised that it reached a "wrong number." Wells Fargo then entered the Former Customer's account number and the Telephone Number into a program that excluded the Telephone Number from further calls. There is no evidence that Wells Fargo made any automated calls to the Telephone Number after September 25, 2008 at 7:08 p.m. and Wells Fargo's dialer records match the records of Plaintiffs' cellular phone carrier, Verizon Wireless, to the minute. *See* Partial Summary Judgment Order (ECF No. 58), pp. 1-2.

Based upon the foregoing, the Court defined the issue in this case as follows: "Who is the "called party" under the TCPA's cellular calls prohibition – the intended recipient, or the actual recipient?" *See* Partial Summary Judgment Order (ECF No. 58), p. 5. The Court noted that in

*Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230 (11th Cir. 2011), the Eleventh Circuit held that the "called party" for purposes of §227(b)(1)(B)'s residential calls prohibition was the *intended recipient*, and not the actual recipient. *See* Partial Summary Judgment Order (ECF No. 58), p. 5. This Court also noted that "there is a presumption that a given term is used to mean the same thing throughout the statute." *See* Partial Summary Judgment Order (ECF No. 58), p. 7. Nonetheless, this Court ultimately determined that the "called party" for purposes of calls made to a cellular phone number was the actual recipient of the calls (i.e., the minor child, R.B.) and granted summary judgment in favor of the Plaintiffs on the issue of liability. *See* Partial Summary Judgment Order (ECF No. 58), pp. 8-9.

As set forth herein, Wells Fargo believes that this Court committed an error of law in applying a different definition of the term "called party" from the *Meadows* Court and should reconsider and reverse its ruling in the Partial Summary Judgment Order (ECF No. 58). Alternatively, Wells Fargo requests that this Court certify the Partial Summary Judgment Order (ECF No. 58) for an immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b).

### *Memorandum of Law*

#### *A.    This Court Should Reconsider and Reverse its Partial Summary Judgment Order*

Fed. R. Civ. P. 59(e) authorizes a Court to alter or amend a judgment. The granting of such motions is proper where there is a manifest error of law or fact. *See e.g. McDaniel v. Bradshaw*, 2011 WL 1827731 at *2 (S.D.Fla. 2011); *In re Zumbro*, 2012 WL 1155378 at *2-3 (Bkrtcy.S.D.Ga. 2012). Pursuant to Fed. R. Civ. P. 60(b)(6), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any reason that justifies relief.

Here, Wells Fargo believes that the Court made a mistake of law in applying different definitions of the term "called party" for purposes of 47 U.S.C. § 227(b)(1)(A)(involving calls to a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio

3

service, or other radio common carrier service, or any service for which the called party is charged for the call) and 47 U.S.C. § 227(b)(1)(B)(involving calls to a residential telephone line). Moreover, Wells Fargo believes that the Court erred in creating different measures of damages and protections for unintended recipients of automated debt collection calls based solely upon whether the calls were made to a residential telephone line or a cellular phone.

### 1. *The "Called Party" should be the Intended Recipient*

As this Court noted, neither the TCPA nor the FCC defines the term "called party". *See* Partial Summary Judgment Order (ECF No. 58), p. 4. The Eleventh Circuit Court of Appeals has, however, defined the term "called party" for purposes of 47 USC 227(b)(1)(B) as the *intended recipient* of the call. *Meadows*, 414 Fed.Appx. at 235. While the FCC has been authorized to promulgate additional exemptions to the prohibitions against automated calls to a residential telephone line (see 47 USC 227(b)(1)(B)), there is absolutely no indication that Congress or the FCC intended the term "called party" to have different meanings and/or definitions in adjacent provisions of the same statute depending whether the number called was a residential telephone line or a cellular phone number. *See* 47 USC 227(b)(1)(A)(iii) and 47 USC 227(b)(1)(B).

*Meadows* is analogous to the instant action in that automated debt collection calls were received by a party who was not the intended recipient of the calls. In its Partial Summary Judgment Order (ECF No. 58), this Court reasoned that:

> "Practical realities support a distinction between residential and cellular lines. Residential lines are often shared by multiple users. An individual giving her home phone number to a creditor may also be giving the creditor her husband's, mother's or roommate's home number. Any of these individuals could answer the phone should the creditor attempt to call the line in an effort to collect the debt. This consideration was important in *Meadows*...Cellular lines, on the other hand, are personal to an individual—one person rarely uses another's cellular phone. Thus, the intended recipient and actual recipient of a call to a cellular line is most often the same person, making a broader exemption less necessary than for residential lines".

4

*See* Partial Summary Judgment Order (ECF No. 58), pp. 6-7.

However, the reasoning applied by this Court in the Partial Summary Judgment Order is not consistent with the facts, reasoning, and holding by the Eleventh Circuit in *Meadows*. Taking the facts in the light most favorable to Plaintiff, Elizabeth Meadows ("Meadows")(the non-movant), the *Meadows* Court considered the following facts:

> "...[Meadows] received approximately 300 calls over a two and a half year period *regarding debts she did not owe and people she did not know*. Meadows testified that occasionally she would receive up to three calls a day. *Most of the hundreds of calls Franklin placed to Meadows used an automated dialer*, a machine capable of continuously dialing and leaving messages without human interaction. *Franklin, moreover, continued to call Meadows until March 2009 despite being informed in May 2006 that the debts were not her own and that the debtors did not live with her.*"

*Meadows*, 414 Fed.Appx. at 233 (emphasis added).

In the instant action, the Court has applied different definitions of the term "called party" for purposes of calls made to a residential telephone number and calls made to a cellular number based the likelihood that another resident of the household would answer debt collection calls made to a residential telephone number. However, this Court's concern about other residents of the household answering debt collection calls could not have been the deciding or distinguishing factor for the Eleventh Circuit's holding in *Meadows*, because the *Meadows* Court held that Meadows was not entitled to any relief under the TCPA *even for the calls received by Meadows for an almost three (3) year period after Meadows informed the caller, Franklin Collection Service, Inc. ("Franklin"), that the debtors did not live with her*. *Meadows*, 414 Fed.Appx. at 233.

Likewise, this Court's distinction between the "established business relationship" exemption for automated calls to residential telephone numbers and the "prior express consent" exemption for automated calls to cellular numbers (see Partial Summary Judgment Order (ECF No. 58), p.6) could

5

not have been a deciding or distinguishing factor for the Eleventh Circuit's holding in *Meadows*. As noted above, Meadows, as an unintended recipient of debt collection calls, was not entitled to recovery under the TCPA for the automated calls she received, even after she allegedly advised Franklin that the debts were not her own and that the debtors did not live with her. *Meadows*, 414 Fed.Appx. at 233.

In *Meadows*, Franklin did not have an established business relationship with Meadows. Rather, Franklin had an established business relationship with the intended recipient of the automated debt collection calls (the debtors), who did not live with Meadows and including debtors whom Meadows did not even know. *Meadows*, 414 Fed.Appx. at 233, 235. Likewise, in the Partial Summary Judgment Order, this Court expressly determined that Wells Fargo had the prior express consent from the intended recipient to make automated debt collection calls to the Telephone Number, and that the intended recipient never revoked consent for Wells Fargo to call the Telephone Number. *See* Partial Summary Judgment Order, (ECF No. 58), pp. 2, 6. As the debtors in *Meadows* did not even live with Meadows and included debtors whom Meadows did not even know, it is apparent that the Eleventh Circuit has linked the established business relationship and/or prior express consent to the intended recipient and telephone number called, and not the actual recipient. This is true even in circumstances like this action and in *Meadows*, where the actual recipient of the automated debt collection calls does not live with or even know the intended recipient (i.e., the debtor). As the intended recipient clearly gave Wells Fargo the prior express consent to call the Telephone Number, which consent was not revoked, Wells Fargo should not have any liability under the TCPA for making calls to the Telephone Number, notwithstanding that certain of those calls were actually received by an unintended recipient.

Further, this Court's suggestion that parties like Wells Fargo can ensure accuracy by placing live intermittent calls (*see* Partial Summary Judgment Order (ECF No. 58), p. 7) would appear to

apply equally whether the calls are made to a residential telephone number or a cellular number. Thus, this cannot be a basis for distinguishing *Meadows* from the instant action or for applying different definitions of the term "called party" within the TCPA.

Based upon the foregoing, it appears that the Eleventh Circuit in defining the "called party" for purposes of the TCPA as the "intended recipient" has simply decided that an unintended recipient of automated debt collection calls is not entitled to recovery under the TCPA.

2. ***This Court Has Effectively Created Different Measures of Protections and Damages for Unintended Recipients of Automated Debt Collection Calls***

This Court's ruling in the Partial Summary Judgment Order (ECF No. 58) has the effect of providing unintended recipients of automated debt collection calls with different protections and measures of damages based solely upon the type of telephone called. Specifically, in *Meadows*, the facts considered by the Court were that Meadows did not live with the debtors and included debtors whom Meadows did not even know. Yet, Meadows continued to receive automated debt collection calls for almost three (3) years after she advised the caller that the debts were not her own and that the debtors did not live with her. *Meadows*, 414 Fed.Appx. at 233. In this case, the Plaintiffs likewise presumably did not know or live with the Former Customer. The record evidence in this case is that Wells Fargo excluded the Telephone Number from further calls upon being advised that the intended recipient (i.e., the Former Customer) no longer owned the Telephone Number.

However, based upon the facts in *Meadows*, the Eleventh Circuit held that the Plaintiff, an unintended recipient of automated debt collection calls to a residential telephone line could not recover under the TCPA. Yet, in this case, the Court has held that the Plaintiff, an unintended recipient of automated debt collection calls to a cellular phone, is entitled to recover under the TCPA between $500.00 and $1,500.00 for each call received.

There is simply no indication that the FCC or Congress intended to impose vastly different measures of protections and damages in favor of unintended recipients of automated debt collection

7

calls based solely upon whether the calls were made to a residential telephone line or a cellular phone. However, by the Eleventh Circuit determining that Meadows could not recover under the TCPA, and this Court's holding that the Plaintiffs are entitled to $500.00 - $1,500.00 per call pursuant to the TCPA, this Court has effectively imposed vastly different measures of damages in favor of unintended recipients of automated debt collection calls based solely upon whether the calls were made to a residential telephone line or a cellular number.

Wells Fargo believes that neither the FCC nor Congress intended to impose such different measures of protections and damages relative to unintended recipients of automated debt collection calls, and that this Court should reconsider and reverse its ruling in this regard.

### B. *Certification for Immediate Appeal*

In the event that the Court is not inclined to reconsider its Partial Summary Judgment Order (ECF No. 58), Wells Fargo requests that this Court certify the Partial Summary Judgment Order for immediate appeal pursuant to 28 U.S.C. §1292(b) and stay these proceedings during the pendency of any appeal. 28 U.S.C. §1292(b), provides, as follows:

> "(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

The Partial Summary Judgment Order (ECF No. 58) is appropriate for certification for an immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b). The issue defined by the Court: "Who is the "called party" under the TCPA's cellular calls prohibition – the intended recipient, or

8

the actual recipient?" (*see* Partial Summary Judgment Order (ECF No. 58), p. 5) is clearly a controlling question of law in this case. If the "called party" is the intended recipient (i.e., the Former Customer), then based upon the undisputed facts, Wells Fargo has no liability to the Plaintiffs and judgment must be entered in favor of Wells Fargo. On the other hand, if the "called party" is the actual recipient (i.e., the minor child, R.B.), then Wells Fargo is liable to R.B. for any automated calls received by R.B.

There is clearly a substantial ground for difference of opinion. The Eleventh Circuit in *Meadows* has already defined the term "called party" for purposes of an adjacent provision within the same statute, the TCPA, to mean the *intended recipient*, **even for the automated debt collection calls which were made after Franklin was informed Meadows did not owe the debts and that the debtors did not live with her.** *Meadows*, 414 Fed.Appx. at 233. Indeed, in its Partial Summary Judgment Order (ECF No. 58), this Court recognized that "Wells Fargo's position is not without merit" in light of the *Meadows* decision. *See* Partial Summary Judgment Order (ECF No. 58), p. 6.

Finally, an interlocutory review by the Circuit Court will determine whether Wells Fargo has any liability to the Plaintiffs for any calls made to the Telephone Number. Thus, an immediate appeal at this time may materially advance the ultimate termination of the litigation.

Based upon the foregoing, in the event that the Court is not inclined to reconsider and reverse its Partial Summary Judgment Order (ECF No. 58), Wells Fargo requests that this Court determine, in accordance with 28 U.S.C. §1292(b), that the Partial Summary Judgment Order (ECF No. 58) "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" and certify this matter for immediate interlocutory appeal to the Eleventh Circuit Court of Appeals. Pursuant to 28 U.S.C. §1292(b), in the interest of preserving the

resources of both the parties and the Court, Wells Fargo also requests that this Court stay these proceedings during the pendency of any appeal.

### *Conclusion*

For the reasons set forth herein, this Court should reconsider and reverse its Partial Summary Judgment Order (ECF No. 58) and determine, in accordance with *Meadows*, that Wells Fargo is not liable to the Plaintiffs for any calls made to the Telephone Number. Alternatively, this Court should certify the Partial Summary Judgment Order (ECF No. 58) for an immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b).

Wherefore, Wells Fargo respectfully requests that this Court reconsider and reverse its Partial Summary Judgment Order (ECF No. 58) and determine that Wells Fargo has no liability to the Plaintiffs for any calls made to the Telephone Number, or in the alternative, certify the Partial Summary Judgment Order (ECF No. 58) for an immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b), and stay the proceedings in this matter pending any appellate review, and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1.A.3

I HEREBY CERTIFY that, in accordance with S.D. Fla. L.R. 7.1.A.3, the undersigned has conferred with counsel for the Plaintiffs who are not in agreement with the relief requested herein.

        FOX ROTHSCHILD LLP
        222 Lakeview Avenue, Suite 700
        West Palm Beach, FL 33401
        Telephone: (561) 835-9600
        Facsimile: (561) 835-9602

By: /s/ *Elliot A. Hallak*
    Amy S. Rubin
    Florida Bar No. 476048
    arubin@foxrothschild.com
    Elliot A. Hallak
    Florida Bar No. 762741
    ehallak@foxrothschild.com

*Counsel for Defendant Wells Fargo Bank, N.A. as successor-in-interest to Wachovia Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: */s/ Elliot A. Hallak*
    Amy S. Rubin
    Florida Bar No. 476048
    arubin@foxrothschild.com
    Elliot A. Hallak
    Florida Bar No. 762741
    ehallak@foxrothschild.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO: 11-22681-CIV- SCOLA/BANDSTRA

| | |
|---|---|
| Amy S. Rubin<br>Florida Bar Number: 476048<br>arubin@foxrothschild.com<br>Elliot A. Hallak<br>Florida Bar No. 762741<br>ehallak@foxrothschild.com<br>Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL  33401<br>Telephone:    (561) 835-9600<br>Facsimile:     (561) 835-9602<br><br>***Attorneys for Defendant Wells Fargo Bank, N.A.*** | Scott D. Owens<br>Florida Bar Number 0597651<br>scott@scottdowens.com<br>2000 E. Oakland Park Blvd., Suite 106<br>Fort Lauderdale, Florida 33306<br>Telephone:  (954) 306-8104<br>Facsimile:   (954) 337-0666<br><br>***Attorney for Plaintiffs*** |