**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-22681-Civ-SCOLA/BANDSTRA**

LYNN BRESLOW, individually, and
on behalf of "R.B.", a minor,

Plaintiff,

v.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division of
Wells Fargo Bank, N.A.),

Defendant.

---

**PLAINTIFF'S RESPONSE TO WELLS FARGO BANK N.A'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY CASE PENDING ANY APPEAL [D.E. 65]**

---

Plaintiff, Lynn Breslow, by and through the undersigned responds to the instant motion as follows:

***Introduction***

On April 28, 2012, this Court entered an Order granting partial summary judgment to Plaintiff. (Doc. 58) The instant motion, brought in an attempt to convince to court to apply inapposite law to the facts of this case, seeks "reconsideration," and is brought "pursuant to Fed. R. Civ. P. 59 and/or 60 or 28 U.S.C. § 1292(b)." Plaintiff submits that that no grounds exist for the granting of Defendant's motion. Accordingly, Defendant's motion should be denied in its entirety.

***Federal Court Does Not Recognize Motions For Reconsideration***

The federal rules do not recognize a motion to reconsider. A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e), or a motion seeking relief from judgment under Fed.R.Civ.P. 60(b). *Ysais v. Richardson*, 603 F. 3d 1175 [FN1] (10th Cir. 2010). The 11th Circuit addresses the matter by assigning errantly filed motions for reconsideration as motions under Rule 59(e) or 60(b). *Mahone v. Ray*, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (motions for reconsideration may be brought pursuant to either Rule 59(e) or Rule 60(b)).

Rules 59(e) and 60(b) are specific in describing when such motions may be filed and under what grounds relief can be granted. Based upon those rules, there is no scenario under which the Defendant is entitled to relief.

***Defendant's "Motion for Reconsideration" is Improper***

A grant of partial summary judgment is an interlocutory order and not a final judgment; consequently, a Rule 59(e) motion to alter or amend the judgment is an inappropriate avenue. See, *United Rentals Northwest, Inc. v. Federated Mutual Insurance Co*., No. CIV 08-0443 RB/DJS (D. New Mex. 2009).

In fact, neither Rules 59 nor 60 apply here, because the Court has entered no final order or judgment but only an interlocutory order. *In re: Bayshore Ford Truck Sales, Inc*., 471 F.3d 1233, 1260-61 (11th Cir. 2006) (grant of partial summary judgment is an interlocutory order); *Toole v. Baxter Healthcare Corp*., 235 F.3d 1307, 1315 (11th Cir. 2000) (an interlocutory order is not subject to the limitations of Rule 59); *Bon Air Hotel, Inc. v. Time, Inc*., 426 F.2d 858, 862 (5th Cir. 1970) (an interlocutory order is not subject to Rule 60(b)). Defendant's motion is not properly before the Court and should be denied.

***If Defendant's Motion May Considered,***
***It May Only Be Considered Pursuant to Rule 59(e)***

When, as here, a motion for reconsideration is served within twenty-eight days of the entry of the order at issue, **Federal Rule of Civil Procedure 59(e) applies**. *Holt v. United States*, 249 Fed. Appx. 753, 757 (11th Cir.2007); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F.Supp.2d 1347, 1357 (S.D.Fla. 2004). Although Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. at 1357-58. *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271 (SD Fla. 2010). (emphasis added).

1. *There has been no intervening change in controlling law*.

Defendant's motion makes no allegation of an intervening change in controlling case law. It merely attempts to reargue its reliance on the *Meadows* case. *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230 (11th Cir. 2011), however, is distinguishable from the case at bar in that it is relevant only to calls placed to residential telephone lines, and not to cellular telephones. The court clearly delineates in *Meadows* that its opinion is directed to residential telephone lines. The Defendant has presented no grounds for granting of this motion based upon an intervening change of controlling law.

2. *There has been no allegation of the availability of new evidence*.

Again, Defendant makes no new allegation. The evidence relevant to the Court's Order granting summary judgment is the Defendant placed calls to the Plaintiff's cellular telephone, using an automatic telephone dialing system, without the Plaintiff's prior

express consent. Defendant offers nothing new. Instead, Wells Fargo simply wants to reargue the matter. There is no new evidence to consider; the motion may not be granted on those grounds.

3. *There has been no clear error or manifest injustice.*

Defendant's entire argument is based upon the Court's finding that the Plaintiff was the "called party" and that the facts in the *Meadows* case are inapposite to the case at bar. The Court, after careful consideration of the facts, and consistent with controlling case law on the matter, found in favor or the Plaintiff.

BLACK'S LAW DICTIONARY defines "clear error" as "findings based on substantial error in proceedings or misapplication of the law ... or by an erroneous view of the law." BLACK'S LAW DICTIONARY 251 (6th Ed.1990). The Court's Summary Judgment Order falls under none of these categories. As previously noted, no new facts or arguments are being made. That is, the Court is being asked to considered the same facts and arguments that the Defendants presented prior to the Court's ruling. Moreover, after a thorough check of the case law, none of the Court's controlling authority has been overturned or vacated. See, e.g., See, e.g., *D.G. v. Diversified Adjustment Serv., Inc*., No. 11 C 2062, 2011 WL 5506078, at *3 (N.D. Ill. Oct. 18, 2011); *Soppet v. Enhanced Recovery Co.*, No. 10 C 5469, 2011 WL 3704681, at *1 –*2 (N.D. Ill. Aug. 21, 2011). See also, *Tang v. Medical Recovery Specialists, LLC*, No. 11 C 2109, 2011 WL 6019221, at *3 (N.D. Ill. Jul. 7, 2011) (finding "called party" was actual recipient); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 791 F. Supp. 2d 622, 625 (N.D. Ill. 2011) ("Because [defendant] intended to call Plaintiff's cellular phone number, Plaintiff received the calls, and Plaintiff is the regular user and carrier of the phone,

Plaintiff qualifies as a 'called party' under the TCPA."). It is also important to note that the Defendant has offered no alternative controlling authority addressing TCPA violations and calls placed to cellular telephones.

There has been no "clear error" or "manifest injustice" here. The simple fact of the matter that Defendant refuses to take responsibility for its conduct. No grounds exist for the Court to reconsider the Defendant's motion, and it should be denied.

***Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b)***

Under § 1292(b), an interlocutory appeal is appropriate when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eleventh Circuit has established that there is a **strong presumption against interlocutory appeals**, calling them a "rare exception." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). (emphasis added).

1. *No Controlling Question of Law*

What is a controlling question of law? It is not an abstract legal question such as whether the Sherman Act forbids price fixing; it is a question whether a particular complaint satisfies the pleading standard of *Twombly. In re Text Messaging Antitrust Litigation,* 630 F. 3d 622 (7th Cir. 2010). Nor is it an abstract legal question such as "Who is the 'called party' under the TCPA's cellular calls prohibition – the intended recipient, or the actual recipient?"

An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having

to study the record. *In re Celotex Corp.*, No. 8:09-cv-2444-T-EAK, 2010 U.S. Dist. LEXIS 73072, at *5 (M.D. Fla. July 20, 2010). Defendant's lengthy and strained argument attempting to equate the TCPA's well-settled prohibition against automatically dialed calls to cellular telephone subscribers with the one-off fact scenario presented in *Meadows* is anything but a question of pure law, which can be decided quickly and cleanly. Even if the Court finds that a controlling question of law exists, there is no substantial ground for difference of opinion.

2. *There Is No Substantial Ground For Difference of Opinion*

The Eleventh Circuit has clarified that substantial ground for difference of opinion does not exist when its agreement with the district court is "complete and unequivocal." *Burrell v. Bd of Trs. of Ga. Military Coll.*, 970 F.2d 785, 78 (11th Cir. 1992). The phrase "substantial ground for difference of opinion among courts" implicitly requires that other courts have examined the same controlling question of law and that those courts reached different conclusions." *Smith v. Laddin*, 424 B.R. 529, 535 (N.D. Ala. 2010).

Defendant has offered no authority from any court in the United States which contradicts this Court's holding. The sole authority Defendant rests upon is the inapposite *Meadows* case, which deals exclusively with debt collection calls placed to residential telephone lines. With no conflicting authority, it is unlikely the Court of Appeals will view the matter any differently that this Court has already done. Courts which have considered the matter stand firmly behind the holding in the case at bar. The only difference of opinion is the Defendant's mistaken belief that the *Meadows* case applies to calls placed to cellular telephone subscribers. It does not.

3. *Appeal Will Not Materially Advance the Ultimate Termination of the Litigation*

The final requirement of § 1292(b) is that the interlocutory appeal "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). According to *McFarlin*, this "means that resolution of a controlling legal issue would serve to avoid a trial or otherwise substantially shorten the litigation." Here, the case is ready for what will likely be a brief trial addressing the damages. Following the trial, Wells Fargo will have an opportunity to appeal all issues together, rather than in a piecemeal fashion. The Court determines that proceeding expeditiously to trial is the best way to advance the ultimate termination of the litigation. See, *Palacios v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 10-22398-CIV-TORRES (SD Fla. 2011).

***Conclusion***

Based upon the foregoing, Defendant's motion is not properly before this Court and should be denied. An interlocutory order is not reviewable pursuant to Rule 59 or 60, and because an interlocutory order presents insufficient grounds for certification under § 1292(b). Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

Dated: June 6, 2012

Respectfully submitted,

*/s/ Scott D. Owens*

**SCOTT D. OWNENS, ESQ.**
Florida Bar No.: 0597651
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Phone: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2012, I electronically filed the foregoing document(s) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*/s/ Scott D. Owens*
**SCOTT D. OWENS, ESQ.**