UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-22681-CIV-SCOLA/BANDSTRA

LYNN BRESLOW, individually, and
on behalf or "R.B.", a minor,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a national bank,
(d/b/a "Wachovia Bank, a division of
Wells Fargo Bank, N.A."),

    Defendant.
_____/

**WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY CASE PENDING ANY APPEAL AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Wells Fargo Bank, N.A., as successor-in-interest to Wachovia Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, hereby files its Reply to Plaintiffs' Response to Wells Fargo's Motion for Reconsideration, or in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b), and to Stay Case Pending Any Appeal (the "Response")(ECF No. 69). In support hereof, Wells Fargo states as follows:

*A.*     *This Court Has Jurisdiction to Reconsider its Partial Summary Judgment Order*

Plaintiffs' assertion in their Response that Wells Fargo's Motion for Reconsideration, or in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b), and to Stay Case Pending Any Appeal (the "Motion for Reconsideration")(ECF No. 65) "is not properly before the Court" is a misapplication of the law. Court's routinely characterize motions to reconsider orders granting motions for partial summary judgment as "Rule 59(e) motions" and apply the standards of Fed. R. Civ. P. 59(e) in reviewing such motions. *See e.g., In re Pacific Forest Products Corp.*, 335 B.R. 910, 917 (S.D. Fla. 2005)(internal citations omitted). There is ample authority permitting a District

Court to review and reconsider a prior non-final ruling, such as the granting of a partial summary judgment as to liability. *See e.g. Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 2008 WL 2074397 at *1 (M.D. Fla. 2008)(reviewing motion for reconsideration of order granting motion for partial summary judgment as to liability pursuant to Fed. R. Civ. P. 59(e)); *McDaniel v. Bradshaw*, 2011 WL 1827731 at *1-2 (S.D. Fla. 2011)(granting motion for reconsideration as to dismissal of single count of multiple count complaint and reinstating claim); *Williams v. Cruise Ships Catering and Service International, N.V.*, 320 F.Supp.2d 1347, 1357-1359 (S.D. Fla. 2004)(reviewing order denying motion to dismiss under both Fed. R. Civ. P. 59(e) and 60(b)).

Simply stated, "There is hardly any doubt that the Court always has authority to reconsider its own decisions." *In re McCoy*, 157 B.R. 705, 708 (M.D. Fla. 1993)(granting motion for reconsideration as to order granting in part and denying in part motion to dismiss). To be certain, Fed. R. Civ. P. 54(b), expressly provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and **may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.**" Fed. R. Civ. P. 54(b)(emphasis added).

"District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings." *Williams*, 320 F.Supp.2d at 1358. "A district court abuses its discretion when a "relevant factor deserving a significant weight is overlooked, when an improper factor deserving of significant weight is overlooked, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales." *Id.*

Accordingly, there can be no question that this Court has the authority to review, reconsider, and reverse its Partial Summary Judgment Order (ECF No. 58) at this time.

2

**B.      The Court Should Have Followed *Meadows* and Held that Wells Fargo has No Liability**

    **1.      The Definition of "Called Party" under the TCPA**

The issue as to whether the term "called party" has or should have different meanings in different sections of the TCPA and the rationale therefore was not addressed by either of the parties in the briefing on Plaintiff's Motion for Partial Summary Judgment. *See* ECF Nos. 44, 54, 57. Rather, in the Partial Summary Judgment Order, the Court, on its own, raised a distinction between the definition of the term "called party" in a cellular phone or a residential phone context.

Specifically, in the Partial Summary Judgment Order, the Court noted that in *Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230 (11th Cir. 2011), the Eleventh Circuit held that the term "called party" for purposes of §227(b)(1)(B)'s residential calls prohibition was the *intended recipient,* and not the actual recipient.  *See* Partial Summary Judgment Order (ECF No. 58), p. 5. However, in the Partial Summary Judgment Order, this Court held that "Practical realities support a distinction between residential and cellular lines" explaining that "Residential lines are often shared by multiple users. An individual giving her home phone number to a creditor may also be giving the creditor her husband's, mother's or roommate's home number. Any of these individuals could answer the phone should the creditor attempt to call the line in an effort to collect the debt." *See* Partial Summary Judgment Order (ECF No. 58), p. 5. This Court added that "This consideration was important in *Meadows*". *See* Partial Summary Judgment Order (ECF No. 58), p. 5.

Had the issue of whether the term "called party" within the TCPA should have separate meanings depending on whether the call was made to a residential or cellular phone, been raised by counsel in the briefing on the Motion for Partial Summary Judgment, Wells Fargo would have explained that based upon the Eleventh Circuit's pronouncements in *Meadows*, there is no basis for any such distinction.  Specifically, in *Meadows*, the Eleventh Circuit made it clear that an

3

unintended recipient of automated debt collection calls is not entitled to any relief under the TCPA, *even for those calls received after the recipient advised the caller that the debts were not her own and that the debtors (i.e., the intended recipients) did not live with her*. *Meadows*, 414 Fed.Appx. at 233. Clearly, this scenario is no different than the debt collection calls herein intended to reach the Wells Fargo Former Customer.

> **2. Based Upon *Meadows*, The Established Business Relationship and Prior Express Consent Are Linked to the Intended Recipient and Telephone Number Called**

In the Partial Summary Judgment Order (ECF No. 58), this Court addressed and compared the "established business relationship" exemption for calls to residential lines and the "prior express consent" exemption for calls to cellular phones. This distinction was also not raised in the briefing on the Plaintiffs' Motion for Partial Summary Judgment. *See* ECF Nos. 44, 54, 57. However, had this issue been raised, Wells Fargo would have explained that the "established business relationship" exemption does not provide a basis for distinguishing *Meadows* from the instant action. Specifically, in *Meadows*, the caller did not have an "established business relationship" with Elizabeth Meadows ("Meadows"), the actual recipient of the calls, but rather the caller only had an established business relationship with the intended recipient of the calls (the debtors), who did not even live with Meadows. *Meadows*, 414 Fed.Appx. at 233. Nonetheless, Meadows could not recover under the TCPA, even for the calls she received after she advised the caller that the debtors did not live with her. *Id.* As the debtors in *Meadows* did not even live with Meadows and included debtors whom Meadows did not even know, in holding that Meadows was not entitled to recovery under the TCPA, it is apparent that the Eleventh Circuit in *Meadows* has tied the established business relationship and/or prior express consent exemptions to the intended recipient and telephone number called, and not the actual recipient.

4

### 3. *Different Measures of Damages and Protections*

It is unclear whether this Court intended to afford different protections and measures of damages to unintended recipients of automated debt collection calls based solely upon the *type* of telephone called. However, the Partial Summary Judgment Order effectively does so. In the Partial Summary Judgment Order, this Court held that the Plaintiffs are entitled to recovery under the TCPA, between $500.00 and $1,500.00 per call, even though the record reflects that Wells Fargo immediately ceased calling the Telephone Number upon being advised it reached a "wrong number". On the other hand, in *Meadows,* the Eleventh Circuit held that Meadows was not entitled to any recovery under the TCPA, even for all of the calls she received for a three (3) year period after advising the caller that the debts were not her own and that the debtors did not live with her.

Again, the issue as to whether the TCPA does or should afford different measures of damages and protections to unintended recipients of automated debt collection calls based solely upon whether those calls were made to a residential line or a cellular phone was not addressed in the briefing on the Plaintiffs' Motion for Partial Summary Judgment. *See* ECF Nos. 44, 54, 57. Had this issue been raised, Wells Fargo would have explained that there is no support for the proposition that either the FCC or Congress intended to impose different measures of protections and damages to unintended recipients of automated debt collection calls based solely upon the *type* of telephone called. Likewise, based upon the facts of this case and those in *Meadows,* there is no basis for providing relief to the Plaintiffs under the TCPA, when the Eleventh Circuit denied relief to Meadows under the TCPA.

### 4. *Controlling Law*

In their Response, Plaintiffs refer to the decisions of certain District Courts within a different Circuit as "controlling authority". *See* Response (ECF No 69), p.4. The decisions of District Courts in a different Circuit are not "controlling authority" upon this Court. This Court, of course,

lies within the Eleventh Circuit Court of Appeals. The Eleventh Circuit in *Meadows* has plainly stated that an unintended recipient of automated debt collection calls is not entitled to recovery under the TCPA, even for the automated debt collection calls she received for almost three (3) years after she advised the caller that the debts were not her own and that the debtors did not live with her. *Meadows*, 414 Fed.Appx. at 233. As the Eleventh Circuit has spoken to this issue, this Court should follow *Meadows* and likewise hold that Plaintiffs (as an unintended recipient of automated debt collection calls) are not entitled to recovery under the TCPA.

For the reasons set forth herein and in the Motion for Reconsideration (ECF No. 65), Wells Fargo believes that this Court erred in its ruling on the Partial Summary Judgment Order (ECF No. 58) and should reconsider and reverse its ruling in the Partial Summary Judgment Order.

### C. *Certification for Immediate Appeal*

Even if the Court is not inclined to reconsider its Partial Summary Judgment Order (ECF No. 58), this Court may still certify the Partial Summary Judgment Order for immediate appeal pursuant to 28 U.S.C. §1292(b) and stay these proceedings during the pendency of any appeal. *See e.g., Williams*, 320 F.Supp.2d at 1362.

#### 1. *Controlling Question of Law*

There can be no dispute that the definition of the term "called party" under the TCPA involves a pure question of law which will control the outcome of this case. This is not a case that will require a lengthy factual review of the record which cannot be decided quickly and cleanly. Rather, this Court plainly recognized that "The factual record in this action is short and few facts are in dispute." *See* Partial Summary Judgment Order (ECF No. 58), p. 1.

#### 2. *Substantial Ground for Difference of Opinion*

There is clearly a substantial ground for difference of opinion. Indeed, this Court implicitly acknowledged as much in stating that "Wells Fargo's position is not without merit" in light of the

*Meadows* decision. *See* Partial Summary Judgment Order (ECF No. 58), p. 6. As the Eleventh Circuit in *Meadows* defined the term "called party" as the *intended recipient* in an adjacent provision of the TCPA, there is substantial reason to believe that the Eleventh Circuit would apply the same definition to this case as it did in *Meadows*. Moreover, as the *Meadows* Court held that an unintended recipient of automated debt collection calls could not recover under the TCPA, (even for the calls Meadows received after advising the caller that the debts were not her own and the debtors did not live with her), there is substantial reason to believe that the Eleventh Circuit would hold that the Plaintiffs herein are likewise not entitled to recovery under the TCPA.

### 3. *Advancement of Litigation*

Very simply, if the Eleventh Circuit were to determine that the Plaintiffs, as unintended recipients of automated debt collection calls meant for Wells Fargo's former customer, are not entitled to recovery under the TCPA, then this matter will be concluded. There is no reason or value in utilizing the Court's resources at this time by having a jury trial on a case that will ultimately be decided on the law by the Eleventh Circuit in the event this Court is disinclined to reconsider and reverse its Partial Summary Judgment Order (ECF No. 58). Accordingly, immediate interlocutory review may materially advance the ultimate termination of the litigation and potentially avoid the unnecessary use of the time and resources of the parties, court, and jury.

Wherefore, Wells Fargo respectfully requests that this Court reconsider and reverse its Partial Summary Judgment Order (ECF No. 58) and determine that Wells Fargo has no liability to the Plaintiffs for any calls made to the Telephone Number, or in the alternative, certify the Partial Summary Judgment Order (ECF No. 58) for an immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b), and stay the proceedings in this matter pending any appellate review, and grant such other and further relief as the Court deems just and proper.

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: /s/ *Amy S. Rubin*
    Amy S. Rubin
    Florida Bar No. 476048
    arubin@foxrothschild.com
    Elliot A. Hallak
    Florida Bar No. 762741
    ehallak@foxrothschild.com

*Counsel for Defendant Wells Fargo Bank, N.A. as successor-in-interest to Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: /s/ *Amy S. Rubin*
    Amy S. Rubin
    Florida Bar No. 476048
    arubin@foxrothschild.com
    Elliot A. Hallak
    Florida Bar No. 762741
    ehallak@foxrothschild.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO: 11-22681-CIV- SCOLA/BANDSTRA

| | |
|---|---|
| Amy S. Rubin<br>Florida Bar Number: 476048<br>arubin@foxrothschild.com<br>Elliot A. Hallak<br>Florida Bar No. 762741<br>ehallak@foxrothschild.com<br>Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>Telephone: (561) 835-9600<br>Facsimile: (561) 835-9602<br><br>***Attorneys for Defendant Wells Fargo Bank, N.A.*** | Scott D. Owens<br>Florida Bar Number 0597651<br>scott@scottdowens.com<br>2000 E. Oakland Park Blvd., Suite 106<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 306-8104<br>Facsimile: (954) 337-0666<br><br>***Attorney for Plaintiffs*** |

WP1 482834v1 06/18/12